Christopher O. Rivas (SBN 238765)
Email: crivas@reedsmith.com
Nabil A. Bisharat (SBN 270305)
Email: nbisharat@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Barclays Bank Delaware

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

ROBERTA L. SCOTT,

        Debtor.

**CASE NO. 09-59233**

**EX PARTE APPLICATION TO REOPEN CASE FOR PURPOSE OF REMOVING STATE COURT COMPLAINT TO AN ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. § 350; DECLARATION OF CHRISTOPHER O. RIVAS**

[**No Hearing Requested**]

– 1 –
DEFENDANT BARCLAYS BANK DELAWARE'S *EX PARTE* APPLICATION TO REOPEN BANKRUPTCY CASE

Barclays Bank Delaware ("Barclays"), by and through its undersigned counsel, hereby submits this *Ex Parte* Application to Reopen the Case (the "Application"), pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 5010. In support of this *ex parte* Application, Barclays states as follows:

## JURISDICTION

1. On October 27, 2009, (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

## BACKGROUND

**A. The Parties**

4. Barclays is a Delaware corporation that engages in, *inter alia*, the business of issuing credit cards to consumers.

5. The Debtor, Roberta L. Scott ("Debtor"), is an adult individual with a last known address of 13741 Saratoga Avenue, Saratoga, California 95070.

**B. The Bankruptcy Case**

6. According to the docket in this case, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Bankruptcy Code") on October 27, 2010 in the United States Bankruptcy Court, Northern District of California.

7. The Debtor's bankruptcy schedules listed Barclays as a creditor.

8. According to the docket in this case, a Discharge Order was entered on May 24, 2010. Barclays was identified as a service recipient at an address identified as P.O. Box 13337, Philadelphia, PA 19101.[1]

9. On May 25, 2010, the Bankruptcy proceeding was deemed terminated.

**C. The State Court Action Against Barclays**

10. Over the next several months following the termination of the Bankruptcy

---
[1] Barclays reserves its rights to dispute notice and proper service with respect to the Petition and the Discharge Order.

proceeding, Debtor disputed whether Barclays was properly reporting her account as a "Charge off" on her credit report.

11. Barclays maintained that it was accurately and properly reporting her account as having a $0.00 balance after the amount owed was discharged in bankruptcy.

12. On August 15, 2011, Debtor filed a Complaint for Willful Violation of Discharge Injunction; Violation of the California Song-Beverly Credit Card Act of 1971; Violation of the Consumer Credit Reporting Agencies Act; Violation of the Fair Debt Collection Practices Act; Violation of the Unfair Business Practices Act; Libel; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Deceit; Actual Fraud; Fraud; and Constructive Fraud (the "State Action").

13. As discussed more fully in the Notice of Removal, Adversary Proceeding No. 11-05279, Debtor's complaint alleged causes of action all relating to Barclays allegedly improper credit reporting in connection with the Debtor's Discharge Order, specifically, that Barclays allegedly violated 11 U.S.C. § 524. Barclays denies that it acted wrongfully or violated any orders of this Bankruptcy Court.

14. Barclays first became aware of Debtor's Complaint on August 23, 2011. Pursuant to Bankruptcy Rule of Procedure 9027(3)(b), on September 20, 2011, concurrent with the filing of this Motion, Barclays filed a Notice of Removal of the State Action to this Court, thereby opening a new adversary case.

15. In an abundance of caution, Barclays files this *ex parte* Application to administratively reopen the Debtor's bankruptcy case to whatever extent necessary to permit Barclays to file the Notice of Removal in this Bankruptcy Court.

**RELIEF REQUESTED**

16. Barclays requests that this bankruptcy case be reopened for the sole purpose of permitting Barclays to file its Notice of Removal of the State Action in this Bankruptcy Court.

17. Section 350(b) of the Bankruptcy Code provides that a case may be reopened in the court in which such case was closed to afford relief to the debtor, or for other cause.

18. Barclays avers that cause exists to reopen the case. The Debtor alleges that Barclays violated this Court's Discharge Order and, therefore, alleged a cause of action pursuant to 11 U.S.C. § 524. All of Plaintiff's remaining claims against Barclay stem from this alleged violation of 11 U.S.C. § 524. Thus, Barclays' Notice of Removal is properly issued pursuant to 28 U.S.C § 1452(a) on the grounds that the claims raised in the State Action arise under title 11 of the United States Code, arise in a case under title 11 United States Code, or otherwise are related to a case under title 11 of the United States Code, such that federal (bankruptcy) jurisdiction exists pursuant to 28 U.S.C. § 1334(b).

19. Accordingly, reopening this case to permit the Notice of Removal and allow this Court to consider the issues raised in the Debtor's complaint, all of which relate to this bankruptcy case, will not prejudice the Debtor or the bankruptcy estate.

WHEREFORE, Barclays respectfully requests that this Court grant this Application and reopen the above-captioned bankruptcy case, and grant such other and further relief as it may be entitled.

DATED: September 20, 2011.

REED SMITH LLP

By  */s/ Christopher O. Rivas*
　　　Christopher O. Rivas
　　　Nabil A. Bisharat
　　　Attorneys for Defendant
　　　Barclays Bank Delaware

# DECLARATION OF CHRISTOPHER O. RIVAS

I, Christopher O. Rivas, declare:

1. I am an attorney at law licensed to practice before the courts of the state of California. I am an associate at the law firm of Reed Smith LLP, attorney of record for Barclays Bank Delaware ("Barclays"). I make this declaration in support of Barclay's *ex parte* Application to Reopen this bankruptcy case. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would competently testify to these matters.

2. Barclays first became aware of Debtor Roberta L. Scott's Complaint, which was filed in the Superior Court of California, County of Santa Clara, on August 23, 2011.

3. The core of Scott's multiple claims against Barclays rests in her First Cause of Action, in which she alleges Barclays willfully violated the Discharge injunction by seeking to collect payment on a discharged debt. Essentially, Scott contends that Barclays "falsely" and "deceptively" attempted to coerce her into paying the $250.00 she owed by reporting her account as being discharged in bankruptcy in violation of 11 U.S.C. § 524, even though Barclays reported that the account had a $0.00 balance. Complaint at ¶¶ 35-38.

4. All of Plaintiff's remaining claims against Barclay stem from this alleged violation of 11 U.S.C. § 524. Thus, Barclays concurrently filed its Notice of Removal (Adversary Proceeding No. 11-05279) pursuant to 28 U.S.C § 1452(a) on the grounds that the claims raised in the State Action arise under title 11 of the United States Code or arise in or are otherwise related to a case under title 11 United States Code, such that federal (bankruptcy) jurisdiction exists pursuant to 28 U.S.C. § 1334(b).

5. Pursuant to Bankruptcy Rule of Procedure 9027(3)(b), Barclays is required to remove this case no later than September 22, 2011. Recognizing that the initial bankruptcy proceeding was terminated on May 25, 2010, Barclays herein submits this *Ex Parte* Application to Reopen in order to remove the case to this Court.

6. In order to provide notice to counsel for Roberta L. Scott of Barclays' intention to file this *Ex Parte* Application, I called the office of Sagaria Law, P.C. at 3:06 p.m. on September 20, 2011 to speak with counsel of record for Roberta L. Scott, Mr. Elliot W. Gale. I spoke with an

individual at his office named Megan and informed her that Barclays would be removing the case and filing this *ex parte* Application to Reopen the bankruptcy case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the 20th day of September, 2011 in Los Angeles, California.

                 */s/ Christopher O. Rivas*_____
                 Christopher O. Rivas