Michael St. James, CSB No. 95653
St. James Law, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Saratoga Data Systems, Inc.

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| In re<br><br>WILLIAM K. FOSTER &<br>ROBERTA L. SCOTT<br><br>Debtor | Case No. 09-59233<br><br>Chapter 7 |

### DECLARATION OF MICHAEL ST. JAMES
### REGARDING NON-COMPLIANCE WITH ORDER FOR EXAMINATION

I, Michael St. James, declare under penalty of perjury:

1. I am an attorney at law, licensed by and in good standing with the Bar of this State, and admitted to practice before this Court. I am engaged in practice as the principal employee of St. James Law, P.C. (the "Firm"). The Firm is counsel of record herein for Saratoga Data Systems, Inc. ("SDS"). If called as a witness, I could and would competently testify as follows:

2. On July 17, 2016, the Court entered its Order for Examination, Dkt #47, requiring William K. Foster ("Foster") and the W. Knight Foster Partnership to produce documents at the undersigned's office not later than noon on July 5, 2016 and thereafter to submit to depositions on July 8, 2016.

3. I caused the Order for Examination to transmitted by next day delivery Federal Express and to be served with subpoenas and witness fees promptly thereafter. See, Certificate of Service, Dkt #57.

4. On Thursday, June 30, 2016, almost two weeks after the Order for Examination had been entered and only two business days before the production of documents was required, Debtor's counsel commenced an email correspondence – initially, only with the Trustee's counsel – arguing that the production should be made and the Examination taken only by the Trustee and not the undersigned. The Trustee and I made it clear that there seemed to be "no basis for excluding SDS from its own Examination." That email exchange is attached hereto as Exhibit A.

5. I engaged in a second exchange with Debtor's counsel which concluded by 10:00 a.m. on July 1, 2016, in which I again confirmed that SDS had standing and that "[w]e obtained the Order for Examination and intend to prosecute it."

6. I heard nothing further from the Debtor or his counsel. Although the Debtor's counsel had announced on June 30, 2016 that "My client wants me to seek a protective order to prevent what would be turned over to you/SDS and to prevent your appearance at the 2004 examination;" Exhibit A; no attempt to obtain a protective order was made.

7. Neither of the Debtors' grounds for objection to SDS appear meritorious. SDS holds a substantial, albeit unliquidated, pre-petition claim against the Debtor; see, Claim 4-1; and clearly has standing to seek and prosecute a Rule 2004 Examination. Similarly, the Examination – especially as voluntarily limited by the attached email exchange – relates only to the pending Closing Motion and has nothing to do with the District Court litigation.

8. Instead of seeking a protective order, the Debtor simply failed to produce anything on July 5, 2016, notwithstanding the specific requirements of the Order for Examination. I wrote to Debtor's counsel inquiring about the non-production after it was an hour overdue; Exhibit C; but have received no response as of the filing of this Declaration.

9. I received an email from the Trustee's counsel, forwarding an email from the Debtor's counsel purporting to produce documents to the Trustee only; Exhibit D. (I have not received the password.) I interpret that email as assuming that a provision in the Order which was limited to Tax Documents could be used to prevent production of all documents to SDS. See, Order for Examination, Dkt #47; 2:11-13 ("If you assert a right to refuse to produce Tax Documents to SDS, you may produce them instead by the same deadline to counsel for the Trustee…")

10. Ignoring a Court Order is not a permissible alternative to seeking a protective order. The refusal of the Debtor and the Partnership to comply with the Court's Order for Examination predictably imposes substantial unnecessary expense on SDS: it cannot adequately prepare for the Examination, it may be required to conduct a continued Examination, it may be unable adequately to prepare a timely Opposition to the Closing Motion and related matters pending before the Court.

11. SDS prays that the Court set a prompt hearing on the Debtor's non-compliance with the Court's Order for Examination, and consider awarding appropriate relief including:

    a. Finding that the Debtor and the Partnership's conduct constitutes a contempt of this Court;

    b. Requiring the Debtor and its counsel jointly to reimburse SDS for the expenses occurred by its non-compliance with the Court's Order for Examination;

    c. Altering the schedule of proceedings herein, including the deadline for the Debtor and the Trustee to file papers currently set for July 14, 2016 and the hearing set for July 28, 2016; and

    d. Granting such other relief as may be just and proper.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed in San Francisco, California on July 5, 2016.

          /s/ *Michael St. James*   .
              Michael St. James

DECLARATION REGARDING NON-COMPLIANCE WITH ORDER      3

# Exhibit

# A

# Michael St. James

**Subject:** FW: William Foster - 2004 Examination - Bk. No. 09-59233


**From:** Joseph Angelo [mailto:Jangelo@sagarialaw.com]
**Sent:** Friday, July 01, 2016 9:17 AM
**To:** Michael St. James <Michael@stjames-law.com>; 'Kleiner, Gregg S.' <gregg.kleiner@dentons.com>
**Subject:** RE: William Foster - 2004 Examination - Bk. No. 09-59233

Debtors' position is not to block the 2004 exam. Rather their position is to limit who is entitled to receive the documents that were requested and ask questions at the examination. It's unclear why SDS thinks it is entitled to documents when there is a separate pending adversary proceeding, which has its own mechanisms for requesting discovery. The concern is not what the examination will reveal (which will be what was discussed at the 341 in 2009) but rather why SDS thinks it is entitled to anything that will be provided to the chapter 7 trustee.

Sincerely,

Joe Angelo
Associate Attorney
Sagaria Law, P.C.

---

**From:** Michael St. James [mailto:Michael@stjames-law.com]
**Sent:** Thursday, June 30, 2016 4:19 PM
**To:** Joseph Angelo; 'Kleiner, Gregg S.'
**Subject:** RE: William Foster - 2004 Examination - Bk. No. 09-59233

The clarification proposed by the Trustee respecting the document production is acceptable to me.

Apart from personal animus, I see no basis for excluding of SDS from its own Examination. We have taken the laboring oar on the abandonment issue, the Examination is intended to develop the factual basis relating to the abandonment – as the Judge specifically authorized at our last hearing – and, especially as narrowed, the documents and Examination have no relevance to the lawsuit or anything other than the abandonment issue.

First, you sought an Order Shortening Time to try to block the Examination; now, you seek a Protective Order to try to block the Examination? The only plausible inference is that Mr. Foster is afraid of what the Examination will reveal.

Best regards,

Michael St. James
St. James Law, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA.  94104
www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified:  Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy

State Bar of California

If you want to send me a large or confidential file, click here.

---

**From:** Joseph Angelo [mailto:Jangelo@sagarialaw.com]
**Sent:** Thursday, June 30, 2016 4:07 PM
**To:** 'Kleiner, Gregg S.' <gregg.kleiner@dentons.com>
**Cc:** Michael St. James <Michael@stjames-law.com>
**Subject:** RE: William Foster - 2004 Examination - Bk. No. 09-59233

Gregg:

I've had a chance to discuss the below with my client. The time frame identified below in your email is fine regarding the period of time for documents to be turned over to the trustee. My client still has concerns about providing any information to SDS or its counsel and SDS participating in the 2004 examination.

Michael – do you have any thoughts on the issues raised below? My client wants me to seek a protective order to prevent what would be turned over to you/SDS and to prevent your appearance at the 2004 examination.

Sincerely,

Joe Angelo
Associate Attorney
Sagaria Law, P.C.

---

**From:** Kleiner, Gregg S. [mailto:gregg.kleiner@dentons.com]
**Sent:** Thursday, June 30, 2016 1:56 PM
**To:** Joseph Angelo
**Cc:** Michael St. James
**Subject:** RE: William Foster - 2004 Examination - Bk. No. 09-59233

Joe,

Thank you for your email. I have not had a chance to talk with my client, but perhaps the following will work and we can avoid an additional hearing before the bankruptcy court:

1. Limit the Time Period (as defined in the Rule 2004 application) to the documents, etc to be produced from 1/1/2007 (to the extent they exist and are available) through the date the clerk closed the case- 5/25/10.

2. In addition, Mr. Foster's declaration, Docket 52-2, states that he relied on records to put that declaration together: "My records show the meeting …" Please have Mr. Foster produce all of these records as they may prove very instructive to understanding his position.

As to SDS' participation, the Rule 2004 order was sought and obtained by SDS. Your concerns about standing, aside, if the scope is limited to the above Time Period, will that resolve your concerns? I've included Michael St. James in this email as it will take all parties to resolve your concerns.

Gregg

Gregg S. Kleiner
Gregg.kleiner@dentons.com
Spear Tower, 24th Floor
One Market Plaza

2

San Francisco, California 94105-1101

(415) 356-4602

**From:** Joseph Angelo [mailto:Jangelo@sagarialaw.com]
**Sent:** Thursday, June 30, 2016 12:39 PM
**To:** Kleiner, Gregg S.
**Subject:** William Foster - 2004 Examination - Bk. No. 09-59233

Gregg:

As you are aware I'm representing Mr. Foster in this chapter 7 matter. In collecting the documents that were listed in the 2004 examination production order it has come to my attention that quite a few document requests appear to be well beyond the scope of what is relevant in the inquiry. Similarly, it appears that SDS is seeking documents that it wouldn't otherwise be entitled to in the underlying federal court lawsuit, and without the protective order for confidential information usually entered in district court cases, and without providing reciprocal discovery. We are planning to approach the issues by doing the following, although I would like to discuss with you today if possible. There are two different issues that appear to be in play – one involving SDS and the other involving the chapter 7 trustee. The first approach deals solely with SDS

1) Alert the court that there is possibly going to be a dispute regarding the turnover of documents to SDS – both reiterating the position that SDS has no standing in this matter and that it is improperly seeking documents that it would not otherwise be entitled to if the same requests were made in the federal lawsuit. My understanding based on a review of Judge Montali's procedures is that if we cannot informally resolve the issue a discovery call is to be held before filing any motion to quash or similar request.

2) Seek a protective order that limits what documents, if any, SDS would be entitled to.

3) Seek to exclude SDS' participation from the 2004 examination.

Regarding the documents that would be turned over to you for review

1) There is not necessarily an issue with the request for the 2007-2009 tax returns (some of those returns were already provided to Susan Decker as part of Debtor's responsibility under 521.)

2) The same goes for any bank statements from 2009 (statements from 2007 and 2008 are unavailable).

3) We would seek a protective order in that only you and the chapter 7 trustee would be entitled to the documents and the documents are not to be shared or otherwise disclosed to SDS, its counsel, or any other related party.

4) In an effort to show the you and the chapter 7 trustee that there was no value to the Partnership or misrepresentation of how it was listed in the filing we would also share the 2010 and 2011 Partnership returns which confirm the Knight Partnership had a very small profit for those two years. While we do not believe these documents are relevant and would otherwise object to the turnover because the inquiry is limited to 2009, we would like to try and resolve this quickly and are offering this additional disclosure in an effort to show you and the trustee that this entire event was purely a tactic by SDS to delay the underlying federal litigation and cause undue delay and expense to Mr. Foster and the Partnership and to and to circumvent the district court process and gain improper access to documents and information.

Lastly, please also be aware that debtors first learned about the reopened bankruptcy proceeding on the afternoon of June 13 when they got service on the lawsuit in district court and then initiated contact with Sagaria Law. They were not served with any of this underlying motion work or other paperwork that may have been filed.

Please let me know your availability today so we can discuss and hopefully come to some type of resolution on these issues.

Sincerely,

Joe Angelo
Associate Attorney

3

Sagaria Law, P.C.
2033 Gateway Pl. 5th Floor | San Jose, CA 95110
Ph: 408-279-2288 | Main Fax: 408-279-2299

Email is covered by the Electronics Privacy Act, 18 U.S.C. Sections 2510-2521, and is legally privileged. This electronic message contains information or material from Sagaria Law, PC which may be confidential, privileged or protected by the attorney-client privilege and/or the attorney work product doctrine. It is intended solely for the use of the addressees listed above who are the intended recipient(s). If you are neither the intended recipient(s) nor the employee or agent responsible for delivering this electronic message to the intended recipient(s), you are hereby notified that any review, disclosure, copying, distribution, or the use of the contents of this electronic message is strictly prohibited. If you have received this electronic message in error, please immediately notify us by replying to this message and delete the original message.

# Exhibit

# B

# Michael St. James

**Subject:** FW: William Foster - 2004 Examination - Bk. No. 09-59233

---

**From:** Michael St. James
**Sent:** Friday, July 01, 2016 9:59 AM
**To:** 'Joseph Angelo' <Jangelo@sagarialaw.com>; 'Kleiner, Gregg S.' <gregg.kleiner@dentons.com>
**Subject:** RE: William Foster - 2004 Examination - Bk. No. 09-59233

We think that SDS clearly has standing to pursue the reopening of the case and the administration of the Partnership Interest. We obtained the Order for Examination and intend to prosecute it.

At the last hearing, the Court concluded that it should permit the discovery contemplated by the Order for Examination before ruling on the Closing Motion / Abandonment. If you delay that discovery, you are likely to delay the resolution of that Motion.

Best regards,

Michael St. James
St. James Law, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA. 94104
www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified:  Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

If you want to send me a large or confidential file, click here.

---

**From:** Joseph Angelo [mailto:Jangelo@sagarialaw.com]
**Sent:** Friday, July 01, 2016 9:17 AM
**To:** Michael St. James <Michael@stjames-law.com>; 'Kleiner, Gregg S.' <gregg.kleiner@dentons.com>
**Subject:** RE: William Foster - 2004 Examination - Bk. No. 09-59233

Debtors' position is not to block the 2004 exam. Rather their position is to limit who is entitled to receive the documents that were requested and ask questions at the examination. It's unclear why SDS thinks it is entitled to documents when there is a separate pending adversary proceeding, which has its own mechanisms for requesting discovery. The concern is not what the examination will reveal (which will be what was discussed at the 341 in 2009) but rather why SDS thinks it is entitled to anything that will be provided to the chapter 7 trustee.

Sincerely,

Joe Angelo
Associate Attorney
Sagaria Law, P.C.

1

# Exhibit

# C

# Michael St. James

| | |
|---|---|
| **Subject:** | FW: Order for Examination |
| **Attachments:** | 47_2004 Order.pdf |

---

**From:** Michael St. James
**Sent:** Tuesday, July 05, 2016 12:59 PM
**To:** 'Joseph Angelo' <Jangelo@sagarialaw.com>
**Cc:** Gregg S. Kleiner (gregg.kleiner@dentons.com) <gregg.kleiner@dentons.com>
**Subject:** Order for Examination

The attached Order for Examination required the Debtor and the Partnership to produce documents to my office by noon today. That deadline passed an hour ago without action. Please advise if the production is for some reason delayed. Alternatively, please advise if you consent to an immediate telephonic hearing with the Judge about the respondents failure to comply with the Court's Order.

Best regards,

Michael St. James
St. James Law, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA. 94104
www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified:  Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

If you want to send me a large or confidential file, click here.

1

Case: 09-59233   Doc# 58   Filed: 07/05/16   Entered: 07/05/16 14:31:40   Page 13 of 15

# Exhibit

# D

# Michael St. James

**Subject:** FW: 2004 Examination Document Production - William Foster (09-59233)

---

**From:** Kleiner, Gregg S. [mailto:gregg.kleiner@dentons.com]
**Sent:** Tuesday, July 05, 2016 12:46 PM
**To:** Michael St. James <Michael@stjames-law.com>
**Subject:** FW: 2004 Examination Document Production - William Foster (09-59233)

Do you know what order he is talking about?  The 2004 order does not have paragraphs 14-26.  I will be back in the office at 1:15

**From:** Joseph Angelo [mailto:Jangelo@sagarialaw.com]
**Sent:** Tuesday, July 05, 2016 12:12 PM
**To:** Kleiner, Gregg S.
**Subject:** 2004 Examination Document Production - William Foster (09-59233)

Gregg:

Below please find a link to the documents that are being produced in response to the Court's June 17, 2016 Order of Examination.  Debtor is turning these documents over to you and the chapter 7 trustee only based on the language contained on Page 3 Paragraphs 14-26 of the Order.  A password will be sent in a separate email that will allow you to open each of the individual documents.

Additionally, Jeffrey Love is planning on attending the 2004 Examination well in case there are any additional arrangements that need to be made regarding his entry into the building.

https://www.dropbox.com/sh/y6q6q66vhcd80tm/AABciwlpV4KnXcfsi98dc8sFa?dl=0

Sincerely,

Joe Angelo
Associate Attorney

Sagaria Law, P.C.
2033 Gateway Pl. 5th Floor | San Jose, CA 95110
Ph: 408-279-2288 | Main Fax: 408-279-2299

Email is covered by the Electronics Privacy Act, 18 U.S.C. Sections 2510-2521, and is legally privileged. This electronic message contains information or material from Sagaria Law, PC which may be confidential, privileged or protected by the attorney-client privilege and/or the attorney work product doctrine. It is intended solely for the use of the addressees listed above who are the intended recipient(s). If you are neither the intended recipient(s) nor the employee or agent responsible for delivering this electronic message to the intended recipient(s), you are hereby notified that any review, disclosure, copying, distribution, or the use of the contents of this electronic message is strictly prohibited. If you have received this electronic message in error, please immediately notify us by replying to this message and delete the original message.